# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CARTIER INTERNATIONAL A.G.,

       Plaintiff,

vs.

77MODELS.NET; AHEADWATCHES.COM a/k/a
OTHERWATCHES.COM a/k/a
THENWATCHES.COM;
ANYREPLICAWATCHES.CO;
BESTLEVERING.CN; DL4U.CO;
ECOPYWATCHES.CO a/k/a
YWATCHESFACTORY.CO; EWISH.CO;
FAKEWATCHESPRO.CO; FINEWATCH.EU a/k/a
FINEWATCH.ME; INOVXINC.COM a/k/a
NEELYDS.COM; JOINWATCHES.ME;
MONTREDELUXEREPLIQUE.CN;
REPLICAWATCHESUK.CO;
THEREPLICAHAUS.FR a/k/a
THEREPLICAHAUSE.FR; AND
WATCHESUSAUK.CO; each an Individual,
Partnership, or Unincorporated Associations,

       Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Cartier International A.G. ("Cartier") hereby sues Defendants the Individuals, Partnerships and Unincorporated Associations identified in the caption, which are set forth on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Cartier's trademarks within this district through at least the fully interactive commercial Internet websites and supporting domains operating under their individual, partnership, and/or business association names identified on Schedule "A" hereto (the "Subject Domain Names"). In support of its claims, Cartier alleges as follows:

**JURISDICTION AND VENUE**

1.     This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement, pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C §1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Cartier's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendants are subject to personal jurisdiction in this district because they operate commercial websites accessible in this district and direct business activities towards consumers throughout the United States, including within the State of Florida and this district through at least the fully interactive commercial Internet websites and supporting domains operating under the Subject Domain Names.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, engaged in infringing activities and causing harm within this district by advertising, offering to sell and/or selling infringing products into this district.

**THE PLAINTIFF**

4.     Cartier International A.G. ("Cartier") is a public limited company organized and existing under the laws of Switzerland, having its principal place of business at Hinterbergstrasse 22, Postfach 61, 6312 Steinhausen, Switzerland. Cartier products are marketed and sold at Cartier boutiques throughout the world, including within this district. Cartier is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and

federally registered trademarks, as discussed in Paragraph 17 below and identified in Schedule "B" hereto. Cartier offers for sale and sells its trademarked goods within the State of Florida, including this district. Defendants, through the sale and offer to sell counterfeit and infringing Cartier branded products, are directly, and unfairly, competing with Cartier's economic interests in the State of Florida and causing Cartier harm within this jurisdiction.

5.     Like many other famous trademark owners in the luxury goods market, Cartier suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Cartier's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.

6.     In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Cartier expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars.  The recent explosion of counterfeiting over the Internet has created an environment that requires Cartier to file a large number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to the Cartier brand.

## THE DEFENDANTS

7.     Defendants operate through domain names registered with registrars in multiple countries and are comprised of individuals and/or business entities of unknown makeup, whom, upon information and belief, reside and/or operate in foreign jurisdictions, including the People's Republic of China. Defendants have the capacity to be sued pursuant to Federal Rule of Civil

Procedure 17(b). Defendants direct their business activities towards consumers throughout the United States, including within this district through the simultaneous operation of at least the fully interactive commercial Internet websites and supporting domains existing under the Subject Domain Names.

8.     Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by the same Defendant Number on Schedule "A" hereto.

9.     Upon information and belief, Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein, often times as partners, co-conspirators and/or suppliers.

10.     Defendants are part of an ongoing scheme to create and maintain an illegal marketplace enterprise on the World Wide Web, which (i) confuses consumers regarding the source of Defendants' goods for profit, and (ii) expands the marketplace for illegal, counterfeit Cartier branded goods while shrinking the legitimate marketplace for genuine Cartier branded goods.  The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Cartier's famous name and associated trademarks, as well as the destruction of the legitimate market sector in which Cartier operates.

11.     Defendants are the past and present controlling forces behind the operation of the Internet websites operating under at least the Subject Domain Names.

12.     Upon information and belief, Defendants directly engage in unfair competition with Cartier by (i) advertising, offering for sale and/or selling goods bearing counterfeits and infringements of one or more of Cartier's trademarks to consumers within the United States and this district through at least the fully interactive commercial websites and supporting domains

operating under the Subject Domain Names and corresponding website URLs, and any additional domains and websites, and corresponding website URLs not yet known to Cartier and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Cartier's legitimate marketplace for its genuine goods. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale and/or shipment of counterfeit Cartier branded goods into the State and by operating an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

13.     Upon information and belief, Defendants have registered, established or purchased, and maintained their respective Subject Domain Names, and the websites operating thereunder. Upon information and belief, many Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and/or misleading information to their various registrars during the registration or maintenance process. Upon information and belief, many Defendants have registered and maintained their Subject Domain Names for the sole purpose of engaging in illegal counterfeiting activities.

14.     Upon information and belief, Defendants will continue to register or acquire new domain names, and consequently new URL addresses in connection therewith, for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of Cartier's trademarks unless preliminarily and permanently enjoined. Moreover, upon information and belief, Defendants will continue to maintain and grow their illegal marketplace enterprise at Cartier's expense unless preliminarily and permanently enjoined.

15.    Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Cartier and others.

16.    Defendants' business names, i.e., the Subject Domain Names and corresponding website URLs, and any other domain names and corresponding website URLs, and aliases used in connection with the sale of counterfeits bearing Cartier's trademarks, are essential components of Defendants' counterfeiting and infringement activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Cartier. Moreover, Defendants are using Cartier's famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names and decreasing the size and value of Cartier's legitimate consumer marketplace at Cartier's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Trademark Rights

17.    Cartier is the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, the "Cartier Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The Cartier Marks are used in connection with the manufacture and distribution of high quality goods in the categories also identified on Schedule "B."  True and correct copies of the Certificates of Registration for the Cartier Marks are attached hereto as Composite Exhibit "1."

18.    The Cartier Marks have been used in interstate commerce to identify and distinguish Cartier's high quality goods for an extended period of time.

19.     The Cartier Marks have never been assigned or licensed to any of the Defendants in this matter.

20.     The Cartier Marks are symbols of Cartier's quality, reputation and goodwill and have never been abandoned.

21.     Further, Cartier has expended substantial time, money and other resources developing, advertising and otherwise promoting the Cartier Marks.  The Cartier Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

22.     Cartier has extensively used, advertised, and promoted the Cartier Marks in the United States in association with the sale of high quality luxury goods and has carefully monitored and policed the use of the Cartier Marks.

23.     As a result of Cartier's efforts, members of the consuming public readily identify merchandise bearing or sold under the Cartier Marks as being high quality goods sponsored and approved by Cartier.

24.     Accordingly, the Cartier Marks have achieved secondary meaning as identifiers of high quality luxury goods.

25.     Genuine goods bearing the Cartier Marks are widely legitimately advertised and promoted by Cartier and related companies, and authorized distributors via the Internet. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo! and Bing has become increasingly important to Cartier's overall marketing and consumer education efforts. Thus, Cartier expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies.  Those strategies allow Cartier and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Cartier brand and the goods sold thereunder.

**Defendants' Infringing Activities**

26.    Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Cartier's ownership of the Cartier Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

27.    Upon information and believe, Defendants are promoting and advertising, distributing, selling and/or offering for sale goods in interstate commerce bearing counterfeits and confusingly similar imitations of the Cartier Marks (the "Counterfeit Goods") through the fully interactive commercial Internet websites and supporting domains operating under the Subject Domain Names, including the URL addresses identified on Schedule "C" hereto.  True and correct copies of the web pages reflecting samples of the Internet websites operating under the Subject Domain Names displaying the Cartier branded items offered for sale are attached hereto as Composite Exhibit "2." Specifically, upon information and belief, Defendants are using identical copies of the Cartier Marks for different quality goods.  Cartier has used the Cartier Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Cartier's merchandise.

28.    Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Cartier's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality products offered for sale by Cartier despite Defendants' knowledge that they are without authority to use the Cartier Marks. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest,

sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Cartier.

29.     Defendants advertise their products for sale to the consuming public via at least their websites operating under the Subject Domain Names. In so advertising these products, Defendants improperly and unlawfully use the Cartier Marks without Cartier's permission. Indeed, Defendants herein misappropriated Cartier's advertising ideas and methods of doing business with regard to the advertisement and sale of Cartier's genuine goods. Upon information and belief, the misappropriation of Cartier's advertising ideas in the form of the Cartier Marks is, in part, the proximate cause of harm to Cartier.

30.     As part of their overall infringement and counterfeiting scheme, most Defendants are, upon information and belief, concurrently employing and benefiting from substantially similar, and often times coordinated, paid advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of at least one of the Cartier Marks. Specifically, Defendants are, upon information and belief, using counterfeits of Cartier's famous name and the Cartier Marks in order to make their websites selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for genuine Cartier goods. Defendants are causing concurrent and indivisible harm to Cartier and the consuming public by (i) depriving Cartier of its right to fairly compete for space within search engine results and reducing the visibility of Cartier's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Cartier Marks, (iii) increasing Cartier's overall cost to market its goods and educate consumers about its brand via the Internet, and/or (iv) maintaining an illegal marketplace enterprise which perpetuates the ability of

Defendants and future entrants to that marketplace to confuse consumers and harm Cartier with impunity.

31.    Upon information and belief, Defendants are concurrently conducting and directing their counterfeiting and infringing activities toward consumers and causing harm, within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Cartier and the consuming public for Defendants' own benefit.

32.    Defendants' use of the Cartier Marks, including the promotion and advertisement, reproduction, distribution, sale, and/or offering for sale of their Counterfeit Goods, is without Cartier's consent or authorization.

33.    Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Cartier's rights for the purpose of trading on Cartier's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Cartier and the consuming public will continue to be harmed.

34.    Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Cartier's genuine goods and Defendants' Counterfeit Goods, which there is not.

35.    Given the visibility of Defendants' various websites and the similarity of their actions, it is clear Defendants are either related or, at a minimum, cannot help but know of each

other's existence and the damage likely to be caused to Cartier as a result of Defendants' concurrent actions.

36.     Although some Defendants may be acting independently, they may properly be deemed to be acting in concert because they are combining the force of their actions to multiply the harm caused to Cartier.

37.     Cartier has no adequate remedy at law.

38.     Cartier is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Cartier Marks. If Defendants' counterfeiting and infringing, unfairly competitive activities, and their illegal marketplace enterprise, are not preliminarily and permanently enjoined by this Court, Cartier and the consuming public will continue to be harmed.

39.     The harm and damage sustained by Cartier have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods and by the creation, maintenance and very existence of Defendants' illegal marketplace enterprise.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

40.     Cartier hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

41.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits, copies, and/or colorable imitations of the Cartier Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

42.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing products bearing one or more of the Cartier Marks. Defendants are continuously infringing and inducing others to infringe the Cartier Marks by using them to advertise, promote, sell and/or offer to sell goods bearing the Cartier Marks.

43.     Defendants' indivisible and concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

44.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and damage to Cartier and are unjustly enriching Defendants at Cartier's expense.

45.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Cartier Marks in violation of Cartier's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     Cartier has suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

47.     Cartier hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

48.     Defendants' Counterfeit Goods bearing and sold under copies of at least one of the Cartier Marks have been widely advertised and offered for sale throughout the United States.

49.     Defendants' Counterfeit Goods bearing and sold under copies of at least one of the Cartier Marks are virtually identical in appearance to each of Cartier's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

50.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Cartier's detriment

51.     Defendants have authorized infringing uses of at least one of the Cartier Marks, in Defendants' advertisement and promotion of their counterfeit and infringing branded products. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

52.     Additionally, many Defendants are using counterfeits and infringements of at least one of the Cartier Marks in order to unfairly compete with Cartier and others for space within search engine organic results, thereby jointly depriving Cartier of a valuable marketing and educational tool which would otherwise be available to Cartier, and reducing the visibility of Cartier's genuine goods on the World Wide Web.

53.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

54.     Cartier has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Cartier will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

55.     Cartier hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

56.     This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Cartier Marks, and (ii) creation and maintenance of an illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in which Cartier sells its genuine goods, in violation of Florida's common law of unfair competition.

57.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit Cartier branded goods. Defendants are also using counterfeits and infringements of at least one of the Cartier Marks to unfairly compete with Cartier and others for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

58.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Cartier Marks.

59.     Cartier has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

60.     Cartier hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

61.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Cartier Marks.  Cartier is the owner of all common law rights in and to the Cartier Marks.

62.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of at least one of the Cartier Marks.

63.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Cartier Marks.

64.     Cartier has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions

## PRAYER FOR RELIEF

65.     WHEREFORE, Cartier demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.      Entry of temporary, preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or

diluting the Cartier Marks; from using the Cartier Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Cartier; from falsely representing themselves as being connected with Cartier, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Cartier; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Cartier Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Cartier, or in any way endorsed by Cartier and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the Cartier name or the Cartier Marks; and from otherwise unfairly competing with Cartier.

b.      Entry of temporary, preliminary and permanent injunctions enjoining Defendants from creating, maintaining, operating, joining, and participating in their World Wide Web based illegal marketplace for the sale and distribution of non-genuine goods bearing counterfeits of the Cartier Marks.

c.      Entry of an injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority, mandating that, upon Cartier's request and being provided

16

with notice of the injunction, Microsoft Corporation shall permanently disable, de-index or delist from the Bing search engine the specific URLs identified by Cartier on Schedule "C" hereto.

d.      Entry of an injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority, mandating that, upon Cartier's request, any Internet search engines which are provided with notice of the injunction, shall permanently disable, de-index or delist the specific URLs identified by Cartier on Schedule "C" hereto.

e.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority, that upon Cartier's request, the top level domain (TLD) Registry for each of the Subject Domain Names, and any other domains used by Defendants,  or their administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

f.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority, canceling for the life of the current registration or, at Cartier's election, transferring the Subject Domain Names and any other domain names used by Defendants to engage in their counterfeiting of the Cartier Marks at issue to Cartier's control so they may no longer be used for illegal purposes.

g.      Entry of an order requiring Defendants to account to and pay Cartier for all profits and damages resulting from Defendants' trademark counterfeiting and infringing activities and that the award to Cartier be trebled, as provided for under 15 U.S.C. §1117, or, at Cartier's election with respect to Count I, that Cartier be awarded statutory damages from each

Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

        h.     Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Cartier's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

        i.     Entry of an award of pre-judgment interest on the judgment amount.

        j.     Entry of an order for any further relief as the Court may deem just and proper.

DATED: December 19, 2017.     Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s:/ Stephen M. Gaffigan /**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff Cartier International A.G.

**SCHEDULE A**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Defendant Number | Defendant / Domain Name |
|---|---|
| 1 | 77models.net |
| 2 | aheadwatches.com |
| 2 | otherwatches.com |
| 2 | thenwatches.com |
| 3 | anyreplicawatches.co |
| 4 | bestlevering.cn |
| 5 | dl4u.co |
| 6 | ecopywatches.co |
| 6 | ywatchesfactory.co |
| 7 | ewish.co |
| 8 | fakewatchespro.co |
| 9 | finewatch.eu |
| 9 | finewatch.me |
| 10 | inovxinc.com |
| 10 | neelyds.com |
| 11 | joinwatches.me |
| 12 | montredeluxereplique.cn |
| 13 | replicawatchesuk.co |
| 14 | thereplicahaus.fr |
| 14 | thereplicahause.fr |
| 15 | watchesusauk.co |

**SCHEDULE "B"**
**CARTIER'S FEDERALLY REGISTERED TRADEMARKS**

| Registered Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| *Cartier* | 0,411,240 | January 9, 1945 | IC 014 - Articles of Jewelry for Personal Wear and for Precious-Metal Ware-Namely, the Following Articles Made, in Whole or in Part, of Precious Metals or Plated with the Same--viz, Jewel Boxes, Fobs, Bracelets, Watch Bracelets and Buckles Therefor, Not Including Watches, Cuff Links, Brooches, Earrings, Eyeglass Cases, Cigarette Lighters, Ash Trays, Envelope Openers, Wallets, Money Clips, Perfume Bottles, Desk Sets, Handbags, Key Chains, Finger Rings |
| *Cartier* | 0,411,975 | February 13, 1945 | IC 014 - Watches and Clocks and Wrist Watches with Wrist Straps and Bracelets Attached for Securing the Same on the Wrist of the Wearer, and Traveling Clocks and Watches with Covers of Leather, Fabric and the Like for Protecting Them While Traveling |
| CARTIER | 0,759,201 | October 29, 1963 | IC 014 - Watches and Clocks |
| LOVE BRACELET | 1,005,286 | February 25, 1975 | IC 014 - Jewelry-Namely, Bracelets |
|  | 1,372,423 | November 26, 1985 | IC 014 – Bracelets |
|  | 2,322,769 | February 29, 2000 | IC 014 - Watches |

| | | | |
|---|---|---|---|
|  | 3,162,410 | October 24, 2006 | IC 014 - Jewelry, Namely, Bracelets, Watches, Rings, Charms, Earrings |
|  | 3,282,847 | August 21, 2007 | IC 014 - Horologic and chronometric instruments, namely, watches |
|  | 3,776,794 | April 20, 2010 | IC 014 - Jewelry, Namely, Rings, Bracelets, Charms, Earrings, Made Of Precious Metals |
| *Cartier* | 4,178,047 | July 24, 2012 | IC 014 - Jewelry and watches |
|  | 4,281,248 | January 29, 2013 | IC 014 - Jewelry; Precious Stones; Precious Metals And Their Alloys; Pearls; Cuff Links; Tie Clips; Rings; Earrings; Necklaces; Brooches; Charms; Key Rings Of Precious Metal; Works Of Art Of Precious Metal; Jewelry Cases; Boxes Of Precious Metal; Horological And Chronometric Instruments; Watches; Chronometers; Clocks; Small Clocks; Watch Cases, Bands, Chains, Springs Or Glasses; Statues Or Figurines Of Precious Metal; Cases Or Presentation Cases For Timepieces; Medals; Jewelry For Computers; Jewelry Items For Bags<br><br>IC 035 - Electronic Catalog Services And Web-Based Catalog Services Featuring Jewelry, Precious Stones And Precious Metals Provided Via Communication Media For Retail Services |

| | | | IC 014 - Watches |
|---|---|---|---|
|  | 4,483,522 | February 18, 2014 | |

**SCHEDULE "C"**
**KNOWN URLs FROM DEFENDANT NUMBER 4 - BESTLEVERING.CN**

| |
|---|
| http://www.bestlevering.cn/aaa-fake-cartier-cuff-bracelet-yellow-gold-b6032516-p26/ |
| http://www.bestlevering.cn/aaa-replica-cartier-cuff-bracelet-white-gold-b6032517-p27/ |
| http://www.bestlevering.cn/cheap-fake-cartier-love-earrings-white-gold-diamond-n8049000-n185/ |
| http://www.bestlevering.cn/cheap-fake-cartier-love-yellow-gold-necklace-with-3-diamonds-pendant-p59/ |
| http://www.bestlevering.cn/cheap-imitation-cartier-love-earrings-white-gold-screw-design-b8022800-p184/ |
| http://www.bestlevering.cn/cheap-replica-cartier-love-earrings-yellow-gold-screw-design-b8028900-p177/ |
| http://www.bestlevering.cn/de/cheap-fake-cartier-love-earrings-pink-gold-b8301218-p182/ |
| http://www.bestlevering.cn/de/cheap-fake-cartier-love-yellow-gold-bracelet-with-4-diamonds-p4/ |
| http://www.bestlevering.cn/de/cheap-imitation-cartier-love-earrings-white-gold-inlaid-with-two-diamonds-p181/ |
| http://www.bestlevering.cn/de/cheap-imitation-cartier-love-earrings-white-gold-screw-design-b8028900-p178/ |
| http://www.bestlevering.cn/de/cheap-replica-cartier-love-earrings-yellow-gold-screw-design-b8028200-p183/ |
| http://www.bestlevering.cn/en/ |
| http://www.bestlevering.cn/en/best-fake-cartier-clou-bracelet-white-gold-b6037617-p32/ |
| http://www.bestlevering.cn/en/best-imitation-cartier-clou-bracelet-pink-gold-b6037717-p31/ |
| http://www.bestlevering.cn/en/best-imitation-cartier-clou-bracelet-pink-gold-b6048517-p34/ |
| http://www.bestlevering.cn/en/cheap-fake-cartier-love-earrings-pink-gold-b8301218-p182/ |
| http://www.bestlevering.cn/en/cheap-fake-cartier-love-earrings-pink-gold-screw-design-b8029000-p179/ |
| http://www.bestlevering.cn/en/cheap-fake-cartier-love-yellow-gold-bracelet-with-screwdriver-p1/ |
| http://www.bestlevering.cn/en/cheap-imitation-cartier-love-white-gold-necklace-love-pendant-p57/ |

| |
|---|
| http://www.bestlevering.cn/en/cheap-replica-cartier-love-earrings-yellow-gold-with-two-diamonds-b8022900-p180/ |
| http://www.bestlevering.cn/en/high-quality-replica-trinity-de-cartier-3gold-necklace-b7218200-p115/ |
| http://www.bestlevering.cn/en/high-quality-replica-trinity-de-cartier-ring-3gold-b4088500-p159/ |
| http://www.bestlevering.cn/en/replica-cartier-bracelet-c2/ |
| http://www.bestlevering.cn/en/replica-cartier-earring-c23/ |
| http://www.bestlevering.cn/en/replica-cartier-necklace-c13/ |
| http://www.bestlevering.cn/en/replica-cartier-ring-c17/ |
| http://www.bestlevering.cn/fr/cheap-fake-cartier-love-earrings-pink-gold-screw-design-b8029000-p179/ |
| http://www.bestlevering.cn/fr/cheap-fake-cartier-love-yellow-gold-bracelet-with-4-diamonds-p4/ |
| http://www.bestlevering.cn/fr/cheap-replica-cartier-love-white-gold-necklace-paved-with-diamonds-pendant-p63/ |
| http://www.bestlevering.cn/high-quality-imitation-trinity-de-cartier-3gold-necklace-b3041300-p116/ |
| http://www.bestlevering.cn/high-quality-replica-trinity-de-cartier-18k-gold-bracelet-black-cotton-rope-p50/ |